STATE OF NORTH CAROLINA v. NATHAL McLEAN

No. 7912SC747

(Filed 15 July 1980)

1. **Searches and Seizures § 23– affidavit for search warrant – statement that defendant "sexually assaulted" daughter – probable cause**

   An officer's affidavit, including a statement that defendant had "sexually assaulted" his daughter, stated sufficient facts from which a magistrate could properly find probable cause that a crime had been committed by defendant and that evidence of the crime might be found on his premises.

2. **Searches and Seizures § 4– nontestimonial identification evidence – use of search warrant**

   In addition to a nontestimonial identification order pursuant to Art. 14 of G.S. Ch. 15A, a search warrant is a proper method to obtain nontestimonial identification evidence from a defendant.

3. **Searches and Seizures § 4– blood and hair samples from defendant – probable cause for search warrant**

   An officer's affidavit was sufficient to support the magistrate's finding of probable cause for the issuance of a search warrant to permit public hair and a blood sample to be taken from defendant where the affidavit stated that defendant had sexually assaulted his daughter, listed several items of evidence which had been collected, including pubic hair and possible semen from the bed linen, and alleged that samples of defendant's pubic hair and blood were needed for comparison with the pubic hair and semen found in the linen.

APPEAL by defendant from *Gavin, Judge.* Judgment entered 11 April 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 15 January 1980.

The defendant appeals from active prison sentences imposed after he was convicted of second degree rape, incest, and attempted incest.

*Attorney General Edmisten, by Special Deputy Attorney General John R.B. Matthis and Assistant Attorney General Acie L. Ward, for the State.*

*Gregory A. Weeks for defendant appellant.*

WEBB, Judge.

State v. McLean

[1] The defendant in one assignment of error argues the invalidity of two separate search warrants. He contends that certain evidence seized under these warrants should have been excluded from evidence. The first search warrant was issued on 16 January 1979 and was based in part on the following portion of an affidavit which the defendant contends was not sufficient:

"The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: On January 16, 1979 Angela Michelle McLean was sexually assaulted by her father on two occasions: at about 12:30 AM and again at about 2:30 AM in his bedroom of the above described residence. At the time of the assaults the victim was wearing a blue housecoat and red pajamas. During the assaults Nathel [sic] McLean (the father) withdrew from the body of Angela Michele [sic] McLean and ejaculated upon the bed linens. A second daughter brought into the same bedroom and an attempt to sexually assualt her was committed. [Angela Mechelle [sic] McLean stated to this officer that she was threatened by her father with a .25 caliber pistol, that he had been drinking.]"

Defendant contends the statement in the affidavit that the defendant had sexually assaulted Angela Michelle McLean is a conclusion and does not state facts from which the magistrate could determine a crime had been committed. We hold the words "sexually assaulted" are specific enough that a more detailed account was not necessary in order for the magistrate to determine what had happened. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964) involved a search warrant. In that case, unlike the case sub judice, the applicant for a search warrant relied on an unidentified informant. We believe the rule of *Aguilar*, as applied to the case sub judice, is that in order to issue a search warrant the magistrate must be able to find probable cause from facts or circumstances shown in the affidavit submitted to him that a crime has been committed and evidence of the crime may be on the premises to be searched. In *Aguilar*, the Court held that since the affiant was relying on an unidentified informant, the affidavit must contain facts from which the magistrate could find probable cause (1) that the informant is reliable and (2) that the informant spoke with

personal knowledge of the things he related. This has been called the two prong test of *Aguilar*. In the case sub judice the affiant was not relying on an unidentified informant. It is obvious from reading the affidavit that the affiant was relying on Angela Michelle McLean, the daughter of the defendant. The affidavit stated with specificity what had happened. We hold that from this affidavit the magistrate could find probable cause that a sexual assault had been committed by defendant and that evidence of the assault might be found on his premises. The first search warrant was properly issued.

[2] The second search warrant was issued to take blood samples and pubic hairs from the defendant. The investigating officers elected not to use Art. 14 of Chapter 15A of the General Statutes to obtain this nontestimonial identification from the defendant. G.S. 15A-272 provides:

A request for a nontestimonial identification order may be made prior to the arrest of a suspect or after arrest and prior to trial. Nothing in this Article shall preclude such additional investigative procedures as are otherwise permitted by law.

We hold that a search warrant is one method in addition to Art. 14 of Chapter 15A to obtain nontestimonial identification evidence from defendants.

[3] The affidavit supporting the second search warrant stated that a sexual assault on Angela Michelle McLean had been committed by defendant and listed several items of evidence which had been collected including pubic hair and possible semen from the bed linen. The applicant, through the affidavit, asked to be allowed to take pubic hair and a blood sample from the defendant to compare with the pubic hair and semen on the linen for identification purposes. We hold that this was sufficient for the magistrate to find probable cause that a crime had been committed and evidence of the crime might be gained by taking pubic hair and a blood sample from the defendant. The second search warrant was properly issued.

No error.

Judges PARKER and ARNOLD concur.